IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY | § § § | |
| v. | § § | C.A. No. _____ |
| HONG KONG DEVELOPMENT CORPORATION | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT TO SET ASIDE APPRAISAL AWARD AND REQUEST FOR DECLARATORY JUDGMENT**

Mid-Century Insurance Company ("Mid-Century") files this Original Complaint and Request for Declaratory Judgment under both federal rule 57 and 28 U.S.C. sections 2201 and 2202, seeking declaratory relief regarding the rights, status and legal relationship between Mid-Century and its insured, Hong Kong Development Corporation ("HKDC").

Mid-Century seeks a declaration that it owes no duty to indemnify HKDC under a commercial general property policy (the "Policy"),[1] against any assertion arising a claim for damages to property following Hurricane Ike and the subsequent appraisal of that claim. Mid-Century owes no duty to indemnify because the claim falls below the Policy's deductible. And, Mid-Century asks that the Appraisal Award,[2] which sets the amount of the loss at $5,056,690.64, be set aside because it does not comply with the terms of the Policy and/or Texas law.

### I. Parties

1. Mid-Century is a foreign insurance company licensed to do business in Texas, organized under the laws of the state of California with its principal place of business in California. Mid-Century is, therefore, a citizen of the state of California.

---

[1] Exhibit A, Policy bearing number 06940-34-15 with a policy period covering November 21, 2007 to October 15, 2008.
[2] Exhibit B, Appraisal Award.

2. HKDC is a corporation organized under the laws of Texas with its principal place of business in Harris County, Texas, and may be served with process by serving its registered agent, Ha Duong, at 11205 Bellaire Blvd., Houston, Texas, 77072, or wherever she may be found.

## II. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiff and the defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. The subject of this declaratory judgment action is coverage under the Policy for a claim arising from Hurricane Ike. An actual controversy exists between the parties.

5. Specifically, Hong Kong seeks to enforce the Appraisal Award, which was not entered in compliance with the Policy's terms or Texas law, for $5,056,690.64.

## III. Venue

6. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. The property and the occurrence upon which the claim is based occurred in Harris County, Texas.

## IV. Facts

8. Mid-Century issued a commercial property policy to HKDC for a large commercial mall property located at 11205 Bellaire Blvd., Harris County, Houston, Texas. Subsequently, HKDC reported that the property was damaged by Hurricane Ike, and presented a claim to Mid-Century. Mid-Century timely and appropriately adjusted the claim.

9. Based on its evaluation of the damage to the property caused by Hurricane Ike, Mid-Century determined that the loss was below HKDC's deductible. HKDC disputed the cause of

loss, the amounts owed, and coverage issues arising under the policy.

10. Mid-Century then agreed to have a third-party - selected by HKDC - evaluate the loss in an effort to resolve the dispute. HKDC selected French Engineering, Inc. ("French"). French evaluated the loss and prepared an initial report which agreed with Mid-Century's evaluation of the loss. HKDC then objected to French's conclusions and attempted to prevent Mid-Century from seeing the initial report. French subsequently prepared a final report which also supported Mid-Century's evaluation of the loss.

11. Despite this independent evaluation, HKDC refused to accept this as the final engineering review of the claim. HKDC and Mid-Century agreed to appraisal. After several false starts, both parties appointed an appraiser and the appraisers were then able to agree to an umpire. Also, Mid-Century timely and appropriately reserved its right to have the causation and compensability issues determined separately from the appraisal.

12. Both appraisers completed estimates. The umpire then entered an award that did not comply with the policy or Texas law.[3] Shortly thereafter, the umpire "set aside" the award,[4] but then changed his mind and affirmed the award.[5]

13. Mid-Century objected to the award and asked that the award comply with the policy and Texas law.[6] To date, the umpire and appraisers have not altered the award.

## V.    Declaratory Relief
### Count 1 – Set Aside Appraisal Award

14. Appraisers and umpires selected under a policy to complete the appraisal process must exercise independent judgment. They must be "competent" and "disinterested." They are selected by the parties to act in place of the court, and they must, like the court, be impartial and

---

[3] Exhibit B, the Appraisal Award.
[4] Exhibit C, the Umpire's letter "setting aside" the award.
[5] Exhibit D, Umpire's April 21, 2010, letter.
[6] Exhibit E, Farmers' Objection to the Award.

nonpartisan. Texas courts set aside awards where the evidence reveals that the appraiser or umpire failed to fulfill their respective duties or were partial or partisan in fulfilling their duties.

15. Appraisal awards are set aside for fraud, accident and mistake, and for failing to be an "honest assessment of the necessary repairs."[7] This appraisal award should be set aside for one or more of these reasons.

16. Specifically, the umpire and appraisers here failed to fulfill their duties such that this Court should set aside the appraisal award for at least two reasons:

> (1) The award is not itemized. Mid-Century requested on multiple occasions that the award be itemized. There are coverage issues that impact the scope of the loss. Mid-Century reserved its right to have these coverage issues determined separately from the appraisal. This defect is evident on the face of the award.
>
> (2) The award exceeds the authority granted by the policy and Texas law. The award goes beyond merely setting the value of the loss, it decides issues of causation and compensability. Mid-Century timely and properly reserved its right to have these issues decided separately from the appraisal.

17. For these reasons, Mid-Century asks that the Court set aside the Appraisal Award.

### Count 2 – Declaration as to Scope of Covered Damages

18. Mid-Century seeks a declaration from this court as to the scope of covered damages to HKDC's property arising from Hurricane Ike. This declaration includes but is not limited to Mid-Century' obligation to pay HKDC for its demands to portions of the property that were not damaged but that it seeks to replace in order to "match" the repaired portions of the property, replace "upgrades" in the property that go beyond restoring the property to its pre-loss condition, repair of damage to property that was not caused by Hurricane Ike, and repair portions of the property that are not insured under the policy because they are under lease agreements to others.

19. The Policy specifically excludes damages caused by wear and tear, poor workmanship or materials, and lack of maintenance:

---

[7] *State Farm Lloyds v. Johnson,* 290 S.W.3d 886 (Tex. 2009).

    2.    We will not pay for loss or damage caused by or resulting from any of the following:
\*\*\*
        c.    (1) Wear and tear.
            (2) Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.
\*\*\*

3. We will not pay for loss or damage caused by or resulting from any of the following. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss:
\*\*\*
        c.    Faulty, inadequate or defective:
            (1) Planning, zoning, development, surveying, siting;
            (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
            (3) Materials used in repair, construction, renovation or remodeling; or
            (4) Maintenance of part or all of any property on or away from the "described premises".

20. Here, multiple inspections have revealed that the property was not adequately maintained. That the property suffered from inadequate or defective design, specifications, workmanship, repair, and that the materials used were not appropriate.

21. Additionally, the Policy requires that the insured cooperate with Mid-Century in its investigation of the claim:

    3.    Duties in the Event of Loss or Damage
        a.    You must see that the following are done in the event of loss or damage to Covered Property:
\*\*\*
            (8) Cooperate with us in the investigation or settlement of the claim.

22. Mid-Century has repeatedly asked for the tenant lease agreements to determine if such agreements make the tenants or the landlord (HKDC) responsible for interior water damage such as HKDC is currently claiming. If the leases place that obligation on the tenants, then the insured will not have the appropriate interest in those portions of the building for the policy to provide

coverage. The insured has not provided these documents. Without them, Mid-Century could not pay the appraisal award even if it had been properly entered because questions of coverage still remain. HKDC has, therefore, not complied with its obligations under the Policy which are conditions precedent to coverage.

**Count 3 – Alternatively, Declaratory Judgment Regarding Scope of Appraisal Award**

23. Pleading in the alternative, should the Court determine that the Appraisal Award should not be set aside, Mid-Century' seeks a declaration that the appraisal did not and can not address or encompass questions of coverage or causation, and these issues are not subject to appraisal. The appraisal process merely addresses the valuation of property and/or damages.

24. The Appraisal Award does not distinguish between covered and uncovered damages nor is it sufficiently itemized to enable the parties or this court to do so. Mid-Century requests that this Court determine that Mid-Century has no obligation to pay those portions of the Award that are not covered pursuant to terms of the insurance policy. This includes but is not limited to: portions of the property that were not damaged but that it seeks to replace in order to "match" the repaired portions of the property, replace "upgrades" in the property that go beyond restoring the property to its pre-loss condition, repair of damage to property that was not caused by Hurricane Ike, and repair portions of the property that are not insured under the policy because they are under lease agreements to others.

## VI.   Prayer for Relief

Plaintiff, Mid-Century Insurance Company requests that Hong Kong Development Corporation, be cited to appear and answer, and that on final trial, Mid-Century Insurance Company receive the following:

a.  Declare that the appraisal award is unenforceable, set aside the appraisal award, and declare Mid-Century has no duty to pay HKDC for items outside the coverage afforded by the policy.

b.  And, that the Court award to Mid-Century Insurance Company its costs of court and such other and further relief as Mid-Century Insurance Company may show itself justly entitled to receive.

Respectfully submitted,

**Martin, Disiere, Jefferson & Wisdom, L.L.P.**

/s/ Christopher W. Martin
Christopher W. Martin
State Bar No. 13057620
Federal I.D. No. 13515

808 Travis, Suite 1800
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

Attorney-In-Charge For Plaintiff,
Mid-Century Way Insurance Company

OF COUNSEL:
Jamie P. Cooper
Texas State Bar No. 24027603
**Martin, Disiere, Jefferson & Wisdom, L.L.P.**
808 Travis, Suite 1800
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile